# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TYLER D. ROYSTER,
    Plaintiff,
v.                                  Case No. 8:23-cv-1240-MSS-TGW

TRAVIS SIBLEY, Deputy,
Pinellas County Sheriff's Office;
MITCHELL GRISSINGER,
Lieutenant, Pinellas County Sheriff's Office;
ROBERT GUALTIERI, Sheriff,
Pinellas County Sheriff's Office;
    Defendants.

## **REPORT AND RECOMMENDATION**

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint. He appears to allege violations of his constitutional rights based on a traffic stop during which defendant Deputy Sibley issued the plaintiff a purportedly illegal citation (Doc. 1).

The complaint does not comply with the Federal Rules of Civil Procedure and it fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Therefore, "[a] dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6)." Thompson v. Rundle, 393 Fed. Appx. 675, 678 (11th Cir. 2010)

II.

The plaintiff's complaint is procedurally and substantively deficient.

2

The plaintiff states conclusory and garbled allegations of constitutional violations. He fails to include any specific factual allegations supporting a plausible claim.

The basis of the plaintiff's complaint is that Deputy Sibley stopped the plaintiff's vehicle and issued the plaintiff an "unsigned citation" for violating a Florida statute (Doc. 1, p. 4, ¶III, see also id. at ¶b3.). The plaintiff adds that Deputy Sibley purportedly took unidentified property from him and that Deputy Sibley was "aggressive" (id., p. 4, ¶III).

The plaintiff asserts that the alleged conduct gives rise to the following purported claims (id., p. 3, ¶A) (emphasis omitted):

> 1. Deprivation of rights under color of law, 2. The right to due process, 3. The right to life, liberty, happiness, and property, 4. The unenumerated right to travel, 5. The right to equal protection of law, 6. The right impairing obligation to contract, as well as any and all rights reserved and protected by the Constitution of the United State[s] of America. Federal law will provide necessary relief sought over the violation of rights by the presumed jurisdiction of maritime/admiralty law.

First, the complaint does not comply with the Federal Rules of Civil Procedure. Specifically, Rule 10(b), F.R.Civ.P., requires the plaintiff to plead discrete claims in separate counts and identify in separate numbered

3

paragraphs the pertinent facts supporting that claim. Rule 10(b), F.R.Civ.P; McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings).

Furthermore, the plaintiff does not state a plausible claim for the violation of his rights to due process or equal protection, or the impairment of his right to contract. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (The plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient to state a claim.); Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007) (The plaintiff must include in the complaint factual allegations that provide "plausible grounds to infer" that a defendant committed the unlawful action.). Thus, taken as true, the conclusory and unspecific allegations in the complaint fail to establish any claim, much less a violation of the plaintiff's constitutional rights. See id.[1]

Moreover, the plaintiff does not even assert in the complaint any factual allegations of wrongdoing against defendant Lieutenant Mitchell

---

[1] Additionally, the plaintiff's comment about jurisdiction under "maritime/admiralty law" has no apparent relevance, as there is no reference in the complaint to a vessel or federal waters.

4

Grissinger or defendant Sheriff Gualtieri.

Notably, with respect to the Sheriff, the plaintiff is required to demonstrate the violation of a constitutional right caused by enforcement of a policy or custom of the municipality.[2] McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The plaintiff has not alleged a policy or custom of Sheriff Gualtieri or the Pinellas County Sheriff's Office that was even involved in this matter, much less the moving force behind an alleged constitutional violation.

### III.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii).

However, in this circumstance it is appropriate to permit the plaintiff to file an amended complaint. Although it is highly doubtful that the plaintiff can state a cognizable claim, the district court generally may not

---

[2] The plaintiff's lawsuit against the Sheriff in his official capacity is the functional equivalent of a suit against Pinellas County. Holder v. Gualtieri, No. 8:14-cv-3052-T-33TGW, 2016 WL 1721405 at *11 (M.D. Fla. Apr. 29, 2016) citing Vineyard v. Cnty. of Murray, Ga., 990 F.2d 1207, 1210 (11th Cir. 1993).

dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P. See Troville v. Venz, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002) (1915(e)(2)(B)(ii). Therefore, I recommend that the complaint be denied without prejudice to the plaintiff filing an amended complaint within 14 days.

                        Respectfully submitted,

                        THOMAS G. WILSON
                        UNITED STATES MAGISTRATE JUDGE

DATED: July 7, 2023.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.